FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2012 MAR -9  A 10: 11

CLERK'S OFFICE
AT GREENBELT

Michael Haddad
18945 Cross Country Lane
Gaithersburg, MD 20879

**Plaintiff,**

v.

Trans Digital Technologies, LLC
NCR Government Systems
BAE Systems Information Solutions
BAE Systems Technology Solutions & Services Inc.
United States Army
Transportation Security Administration

**Defendants,**

Civil No.:  RWT 12 CV 0740

## JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MICHAEL HADDAD, for his Complaint for Patent Infringement against the above-

named Defendants hereby states:

## THE PARTIES

1. Plaintiff is an individual residing in Gaithersburg, Maryland doing business as wholly owned

   Astornet Technologies, Inc. a Maryland Corporation, subject to the laws of Maryland with its

   principal place of business 18945 Cross Country Lane, Gaithersburg, MD 20879.

2. Defendant Trans Digital Corporation, LLC is a technology company and a subsidiary of

   Safran SA (Société Anonyme), headquartered in France , at

   2, boulevard du  Général Martial Valin

75724 Paris Cedex 15    France

while the subsidiary  is doing business in Virginia, located at 1235 South Clark Street #700 Arlington, Virginia 22202. Trans Digital conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

3. Defendant BAE Systems Information Solutions is a subsidiary of BAE Systems, a multinational British corporation headquartered at

    6 Carlton Gardens London,

    SW1Y 5AD United Kingdom

    with the subsidiary located at 2525 NETWORK PLACE, HERNDON, VIRGINIA 20171. BAE Systems Group is registered in Maryland, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

4. Defendant NCR Government Systems is a wholly owned subsidiary of NCR Corporation headquartered at:

    3097 Satellite Blvd

    Duluth, GA 30096-5810

    Subsidiary is located at 20370 Seneca Meadows Parkway, Germantown, Maryland 20876, is authorized to do business in the State of Maryland, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

5. Defendant Transportation Security Administration is a Federal Government administration operating under the Department of Homeland Security, and located at:

601 S. 12TH STREET

ARLINGTON, VIRGINIA 20598

TSA falls under the Jurisdiction of this judicial district.  TSA is the buyer of products accused of infringement herein.

6.  Defendant  BAE Systems Technology Solutions & Services Inc. is a subsidiary of BAE Systems, a multinational British corporation headquartered at

6 Carlton Gardens London,

SW1Y 5AD United Kingdom

with the subsidiary is located at   1601 RESEARCH BLVD , ROCKVILLE, MD 20850-3173.

BAE Systems is registered in Maryland, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

7.  Defendant The US Army is a Federal Institution under the Department of Defense, with the contracting division located at:

REDCOMN ACQUISITION CENTER-NATICK

ATTN: AMSRD-ACC-N

NATICK CONTRACTING DIVISION

BUILDING 1, KANSAS STREET

NATICK, MA 01760-5011

ATTN: BRIAN MURPHY

The US Army falls under the Jurisdiction of this judicial district.  The US Army is the buyer of products accused of infringement herein.

## JURISDICTION AND VENUE

8.  This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

9.  Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

10. This Court has personal jurisdiction over Defendants because Defendants are subject to general jurisdiction in the State of Maryland. Defendants either manufacture, sell and/or offer to sell— products, including the products specified herein, that are and have been used, offered for sale, in Maryland, including in this judicial district, or are governments agencies who have awarded contracts to manufacture and sell infringing products,, whether intentionally or unintentionally. Therefore, the exercise of personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,639,844 – Trans Digital Corp.

12. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

13. On December 29, 2009, U.S. Patent No. 7,639,844 (the "'844 Patent"), was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner by assignment of all right, title and interest in and to the '844 Patent, including all right to recover for any and all past infringement thereof. Patent "844 is titled:

**"Airport Vehicular Gate Entry Access System"**

14. Upon information and belief, Defendant Trans Digital Corporation has in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or

through the inducement of others, one or more of the claims of the '844 Patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, a system which is covered by at least one independent claim of the '844 Patent.

15. In 2009, the aforesaid Defendant manufactured at least 5 infringing systems to be tested by the Transportation Security Administration under a solicitation titled:

**"CREDENTIAL AUTHENTICATION TECHNOLOGY-BOARDING PASS SCANNING SYSTEM (CAT/BPSS)"**

16. In June 2009, Defendant infringing system was displayed in Knoxville, TN, under the L-1 ID brand, Defendant's previous owner before being acquired by French SAFRAN SA in July 2011. Plaintiff's wholly owned Corporation Astornet Technologies was also invited to display Plaintiff patented system as SUCCESSFULLY complying with the requirements. Astornet financial resources were insufficient to provide FREE testing units as physically described (in a kiosk) and displayed patented system as individual parts. Plaintiff witnessed personally Defendant infringing system.

17. On September 30, 2011, the aforesaid Defendant was awarded $79M contract to produce infringing systems. Defendant received its first order for 10 units in December 2011 to be delivered in January 2012, or thereafter.

18. The system infringes on independent claim 1 of the '844' Patent because the system is in fact an automated access control system that verifies airlines passengers instantly at airport security checkpoints. The infringing system includes, among other things

  a. a standardized credential reader for reading a credential encoded with personal identification

  b. a software application for recovering information from the standardized credential reader,

    c. an ID authenticator, wherein a credential to be authenticated is presented, a credential physical aspect and embedded security features are analyzed to determine the possibility of any tempering or forgery and provide an authenticity risk rating

    d. a central processing unit for receiving information from the standardized credential reader and the ID authenticator;

    e. information to be checked against other alternative credentials such as drivers license, or passport with a boarding pass

    f. subsequently displays a warning window, as a result of the individual credentials match and ID forgery risks rating

19. As a consequence of the infringement of the '844 Patent by the aforesaid Defendant, Plaintiff is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty, an equitable compensation for loss of revenues, and a product contract.

20. Upon information and belief, Defendant will continue to infringe the '844 Patent unless enjoined by this Court.

21. As a consequence of the infringement by Defendant complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to pay damages for past infringement of the '844 Patent and royalties for their infringement of the '844 Patent on a going-forward basis.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,639,844 – BAE SYSTEMS

22. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

23. On December 29, 2009, U.S. Patent No. 7,639,844 (the "'844 Patent"), was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner by assignment of all right, title and interest in and to the '844 Patent, including all right to recover for any and all past infringement thereof. Patent "844 is titled:

**"Airport Vehicular Gate Entry Access System"**

24. Upon information and belief, Defendant BAE Systems Information Solutions has in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '844 Patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, a system which is covered by at least one independent claim of the '844 Patent.

25. In June 2009, Defendant infringing system was displayed in Knoxville, TN.  Astornet Technologies was also invited to display "844 patented system as complying with the requirements. Astornet financial resources were insufficient to provide FREE testing units as physically described (in a kiosk) and displayed patented system as individual parts. Plaintiff witnessed personally Defendant infringing system.

26. In 2009, the aforesaid Defendant manufactured at least 5 infringing systems to be tested by the Transportation Security Administration under a solicitation titled:

**"CREDENTIAL AUTHENTICATION TECHNOLOGY-BOARDING PASS SCANNING SYSTEM (CAT/BPSS)"**

27. On September 30, 2011, the aforesaid Defendant was awarded $79M contract to produce infringing systems. Defendant received its first order for 10 units in December 2011 to be delivered in January 2012, or thereafter.

28. The system infringes on independent claim 1 of the '844' Patent because the system is in fact an automated access control system that verifies airlines passengers instantly at airport security checkpoints. The infringing system includes, among other things,

    a. a standardized credential reader for reading a credential encoded with personal identification

    b. a software application for recovering information from the standardized credential reader,

    c. an ID authenticator, wherein a credential to be authenticated is presented, a credential physical aspect and embedded security features are analyzed to determine the possibility of any tempering or forgery and provide an authenticity risk rating

    d. a central processing unit for receiving information from the standardized credential reader and the ID authenticator;

    e. information to be checked against other alternative credentials such as drivers license, or passport with a boarding pass

    f. subsequently displays a warning window, as a result of the individual credentials match and ID forgery risks rating

29. As a consequence of the infringement of the '844 Patent by the aforesaid Defendant, Plaintiff is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty, an equitable compensation for loss of revenues, and a product contract.

30. Upon information and belief, Defendant will continue to infringe the '844 Patent unless enjoined by this Court.

31. As a consequence of the infringement by Defendant complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to pay damages for past infringement of the '844 Patent and royalties for their infringement of the '844 Patent on a going-forward basis.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,639,844 – NCR Govt. Solutions

32. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

33. On December 29, 2009, U.S. Patent No. 7,639,844 (the "'844 Patent"), was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner by assignment of all right, title and interest in and to the '844 Patent, including all right to recover for any and all past infringement thereof. Patent "844 is titled:

**"Airport Vehicular Gate Entry Access System"**

34. Upon information and belief, Defendant NCR Government Systems has in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '844 Patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, a system which is covered by at least one independent claim of the '844 Patent.

35. On April 8, 2009, Plaintiff personally signed and NDA agreement with NCR Germantown to exchange information under confidentiality. The purpose was to have Plaintiff wholly owned Astornet Technologies team with NCR to produce systems as per the TSA solicitation. Subsequently, Plaintiff provided NCR with specific technical details as requested. NCR later rejected the teaming offer and produced infringing systems, which was then displayed in Knoxville, TN. Astornet Technologies was also invited to display "844 patented system as complying with the requirements. Astornet financial resources were insufficient to provide testing systems as physically described (in a kiosk) and displayed the system as individual parts. Plaintiff witnessed personally Defendant infringing system.

36. In 2009, the aforesaid Defendant manufactured at least 5 infringing systems to be tested by the Transportation Security Administration under a solicitation titled:

**"CREDENTIAL AUTHENTICATION TECHNOLOGY-BOARDING PASS SCANNING SYSTEM (CAT/BPSS)"**

37. On September 30, 2011, the aforesaid Defendant was awarded $79M contract to produce infringing systems. Defendant received its first order for 10 units in December 2011 to be delivered in January 2012, or thereafter.

38. The system infringes on independent claim 1 of the '844' Patent because the system is in fact an automated access control system that verifies airlines passengers instantly at airport security checkpoints. The infringing system includes, among other things,

    a. a standardized credential reader for reading a credential encoded with personal identification

    b. a software application for recovering information from the standardized credential reader,

c.  an ID authenticator, wherein a credential to be authenticated is presented, a credential physical aspect and embedded security features are analyzed to determine the possibility of any tempering or forgery and provide an authenticity risk rating

d.  a central processing unit for receiving information from the standardized credential reader and the ID authenticator;

e.  information to be checked against other alternative credentials such as drivers license, or passport with a boarding pass

f.  subsequently displays a warning window, as a result of the individual credentials match and ID forgery risks rating

39. As a consequence of the infringement of the '844 Patent by the aforesaid Defendant, Plaintiff is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty, an equitable compensation for loss of revenues, and a product contract.

40. Upon information and belief, Defendant will continue to infringe the '844 Patent unless enjoined by this Court.

41. As a consequence of the infringement by Defendant complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to pay damages for past infringement of the '844 Patent and royalties for their infringement of the '844 Patent on a going-forward basis.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,639,844 – Transportation Security Administration (TSA) – Trans Digital Corp. – BAE Systems – NCR Government

42. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

43. On December 29, 2009, U.S. Patent No. 7,639,844 (the "'844 Patent"), was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner by assignment of all right, title and interest in and to the '844 Patent, including all right to recover for any and all past infringement thereof. Patent "844 is titled:

    **"Airport Vehicular Gate Entry Access System"**

44. Upon information and belief, Defendants have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '844 Patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, a system which is covered by at least one independent claim of the '844 Patent.

45. On September 30, 2011, TSA awarded 3 ID/IQ contracts to the 3 Defendant aforementioned above. On several occasions, TSA was made aware of the existence of the '844 Patent and totally ignored the facts. The product in question is titled by TSA as being:

    **"CREDENTIAL AUTHENTICATION TECHNOLOGY-BOARDING PASS SCANNING SYSTEM (CAT/BPSS)"**

46. The system infringes on independent claim 1 of the '844' Patent because the system is in fact an automated access control system that verifies airlines passengers instantly at airport security checkpoints. The infringing system includes, among other things,

    a. a standardized credential reader for reading a credential encoded with personal identification

    b. a software application for recovering information from the standardized credential reader,

c.  an ID authenticator, wherein a credential to be authenticated is presented, a credential physical aspect and embedded security features are analyzed to determine the possibility of any tempering or forgery and provide an authenticity risk rating

d.  a central processing unit for receiving information from the standardized credential reader and the ID authenticator;

e.  information to be checked against other alternative credentials such as drivers license, or passport with a boarding pass

f.  subsequently displays a warning window, as a result of the individual credentials match and ID forgery risks rating

The Transportation Security Administration contracts would total to about 2400 infringing units. As of this date, TSA ordered a total of 30 infringing units totaling $3.1M been currently delivered or in the process of being delivered.

47. As a consequence of the infringement of the '844 Patent by the aforesaid Defendants, Plaintiff is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty, an equitable compensation for loss of revenues, and a product contract.

48. In June 2009, Plaintiff presented TSA with a proposal of the patented system through his wholly owned corporation Astornet technologies. Astornet was selected for testing, however, Astornet was not financially capable of providing FREE Systems in Kiosks, and therefore attended the testing with 5 systems in separate parts rather than in kiosks. That is when Plaintiff witnessed defendants infringing systems.

49. In July 2009, TSA was made aware of Plaintiff patent pending (awarded to Plaintiff 5 months later, on December 29, 2009) through a communication sent by Honorable Congressman CHRIS VAN HOLLEN.

50. In January 2011,  Plaintiff through Astornet teamed with:

    a. Sciences and Engineering Systems, Inc. [hereafter referred as **SESI**] of Columbia Maryland, a military equipment manufacturer with manufacturing capabilities.

    b. General Electric Medical Division to provide 4hours nationwide support.

    A proposal was submitted to TSA and patents were noted. Proposal was rejected as not offering FREE test units, regardless of the patent. One free unit was proposed for testing and that was also rejected.

51. In June 2011, SESI submitted a response to TSA RFI to which TSA responded with a letter specifying the system meets its technical requirements in functionalities, and safety. For that white paper, Plaintiff provided the technical details of its "844 patented system.

52. On February 23, TSA was further made aware of the infringement through TSA Council Ross Dembling. A link to the "844 patented system video, was included in the communication. TSA deliberately ignored all communications.

53. Upon information and belief, Defendants will continue to infringe the '844 Patent unless enjoined by this Court.

54. As a consequence of the infringement by Defendants complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then

it should require Defendants to pay damages for past infringement of the '844 Patent and royalties for their infringement of the '844 Patent on a going-forward basis.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,639,844 – BAE Systems

55. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

56. On December 29, 2009, U.S. Patent No. 7,639,844 (the "'844 Patent"), was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner by assignment of all right, title and interest in and to the '844 Patent, including all right to recover for any and all past infringement thereof. Patent "844 is titled:

**"Airport Vehicular Gate Entry Access System"**

57. On July 22, 2008, U.S. Patent No. 7,401,732 (Continuation to "'844 Patent"), was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner by assignment of all right, title and interest in and to the '732 Patent, including all right to recover for any and all past infringement thereof. Patent "732 is entitled:

**"Apparatus For Reading Standardized Personal Identification Credentials For Integration With Automated Access Control System"**

58. Upon information and belief, Defendant BAE Systems Technology Solutions and Services has in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '844 Patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, a system which is covered by at least one independent claim of the '844 Patent.

59. On May 3, 2010, Defendant was awarded a contract for $95M to include among other products ordered, "844 Patent infringing systems, to automate control access of "Visitors" and "Permanent

Parties" into the Army facilities. The solicitation in question is titled:

**"Automated Installation Entry System"**

60. The system infringes on independent claim 1 of the '844' Patent because the system is in fact an automated access control system that verifies visitors instantly at the US Army facilities vehicular gates. Register Visitors & Register Permanent Parties.

    The infringing system includes, among other things,

    a. a standardized credential reader for reading a credential encoded with personal identification

    b. a software application for recovering information from the standardized credential reader,

    c. an ID authentication means to determine ID validity

    d. a central processing unit for receiving information from the standardized credential reader and the ID authenticator;

    e. Credential information to be checked against Terrorist and other Watch lists

    f. subsequently displays a warning window, as a result of the individual credentials match and ID validity

    As a consequence of the infringement of the '844 Patent by the aforesaid Defendants, Plaintiff is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty, an equitable compensation for loss of revenues and a product contract.

61. Upon information and belief, Defendant will continue to infringe the '844 Patent unless enjoined by this Court.

62. As a consequence of the infringement by Defendant complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged

by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to pay damages for past infringement of the '844 Patent and royalties for their infringement of the '844 Patent on a going-forward basis.

63. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

64. Upon information and belief, Defendant has in the past and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, at least independent claim one of the '844 Patent by making and using in this judicial district and elsewhere in the United States, automated access control systems which infringes at least independent claim one of the '844 Patent. Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said automated access control system by others with knowledge of the '844 Patent further infringes the '844 Patent.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 7,639,844 -  US ARMY – BAE SYSTEMS

65. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

66. On December 29, 2009, U.S. Patent No. 7,639,844 (the "'844 Patent"), was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner by assignment of all right, title and interest in and to the '844 Patent, including all right to recover for any and all past infringement thereof. Patent "844 is titled:

**"Airport Vehicular Gate Entry Access System"**

67. On July 22, 2008, U.S. Patent No. 7,401,732 (Continuation to "'844 Patent"), was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner by assignment of all right, title and interest in and to the '732 Patent, including all right to recover for any and all past infringement thereof. Patent "732 is entitled:

**"Apparatus For Reading Standardized Personal Identification Credentials For Integration With Automated Access Control System"**

68. Upon information and belief, Defendants BAE Systems and THE US ARMY have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '844 Patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, a system which is covered by at least one independent claim of the '844 Patent.

69. On May 3, 2010, The US Army awarded 1 contract to BAE Systems for $95M to include among other products ordered, infringing systems to automate control access of visitors into the Army facilities, specifically products to **"Register Visitors"** and products to **"Register Permanent Parties"**.  On several occasions, The US Army was made aware of the existence of the patent, during several communications with the Army contracting officer. The product in question is titled by the US Army as being:

**"Automated Installation Entry (AIE) System"**

70. The system infringes on independent claim 1 of the '844' Patent because the system is in fact an automated access control system that verifies visitors instantly at the US Army facilities vehicular gates. Register Visitors & Register Permanent Parties.  SOW document

AIEAttachment7oct012009.

The infringing system includes, among other things,

a. a standardized credential reader for reading a credential encoded with personal identification

b. a software application for recovering information from the standardized credential reader,

c. an ID authentication means to determine ID validity

d. a central processing unit for receiving information from the standardized credential reader and the ID authenticator;

e. Credential information to be checked against Terrorist and other Watch lists

f. subsequently displays a warning window, as a result of the individual credentials match and ID validity

71. On February 21, 2012, Plaintiff contacted US Army Counsel Chester L. Jordan to relay the issue with "844 patent.

72. As a consequence of the infringement of the '844 Patent by the aforesaid Defendants, Plaintiff is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty, an equitable compensation for loss of revenues and a product contract.

73. Upon information and belief, Defendants will continue to infringe the '844 Patent unless enjoined by this Court.

74. As a consequence of the infringement by Defendants complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then

it should require Defendants to pay damages for past infringement of the '844 Patent and royalties for their infringement of the '844 Patent on a going-forward basis.

75. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

Upon information and belief, Defendants have in the past and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, at least independent claim one of the '844 Patent by making and using in this judicial district and elsewhere in the United States, automated access control systems which infringes at least independent claim one of the '844 Patent. Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said automated access control system by others with knowledge of the '844 Patent further infringes the '844 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment and an order that:

(1) Defendants have infringed at least claim 1 of the Asserted Patent, either literally and/or under the doctrine of equivalents;

(2) Judgment be entered granting Plaintiff permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Infringers, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patent;

(3) Judgment be entered awarding Plaintiff the right to visit all installations of the infringing product to fully assess the extent of damages, take snapshots to be presented in court

(4) Judgment be entered awarding Plaintiff all damages adequate to compensate it for the various parties' infringement of the Asserted Patent including all pre-judgment and post-judgment interest of the Asserted Patent including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(5) Judgment be entered that cited infringers' infringement of the Asserted Patent is willful and deliberate, and therefore that Plaintiff is entitled to treble damages as provided by 35 U.S.C. § 284;

(6) Judgment be entered to require any further deliveries of current or future orders of the infringing system be halted immediately until further notice by this court.

(7) Judgment be entered that cited infringers' infringement of the Asserted Patent is willful and deliberate, and, therefore, that this is an exceptional case entitling Plaintiff to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and 28 USC § 1498 and

(8) Judgment be entered awarding Plaintiff such other and further relief as this Court may deem just and proper under the circumstances.

## **AD DAMNUM CLAUSE**

Plaintiff claims damages for loss of business, and great financial losses due to the willful '844 Patent infringement by the defendants, its employees or agents, and for interest thereon pursuant, and to treble damages amount pursuant to 35 U.S.C. § 284;

Defendant expects to recover $285M in relation to the US Army contract infringement.

Defendant expects to recover $711M in relation to TSA contracts infringement.

The total reward expected is $996M, that is, nine hundred ninety six million US Dollars.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.


March 7, 2012
(Date)

(Signature)

MICHAEL HADDAD
18945 CROSS COUNTRY LANE
GAITHERSBURG, MD 20879
Cell: 240-688-1202
Astornet Technologies, Inc.  Tel:  301-258-9599